Dear Superintendent Garrett
¶ 0 This office has received your request for an Opinion addressing, in effect, the following questions:
 1. Does a school district which is the subject of a grand jury investigation have the authority to hire legal counsel to represent and advise it with regard to the proceedings of the grand jury and the matters being investigated?
 2. If the answer to the above question is yes, does a school district have the authority to have its legal counsel, as part of its representation and advice, assist individual members of its board of education and individual employees with regard to the proceedings of the grand jury and the matters being investigated?
¶ 1 Your questions encompass not only the authority of a school district to employ legal counsel for grand jury proceedings but the proper scope of legal counsel's representation, if allowed.
 AUTHORITY OF THE BOARD OF EDUCATION OF A SCHOOL DISTRICT TO HIRE ATTORNEYS
¶ 2 The Oklahoma School Code, 70 O.S. 1-101 through 24-150 ("the Code"), "provide[s] for a state system of public school education and for the establishment, organization, operation and support of such state system." 70 O.S. 1-102 (1991). The Code defines school districts, 70 O.S. 1-108 (1991), and provides that "[e]very school district shall be a body corporate and . . . may sue and be sued," 70 O.S. 5-105 (1995). In providing for school districts, the Code states that "[t]he governing body of each school district in Oklahoma is hereby designated and shall hereafter be known as the board of education of such district."70 O.S. 5-106 (1995).
¶ 3 Among the powers and duties given to the board of education of each school district is the following power:
 Contract with and fix the duties and compensation of physicians, dentists, optometrists, nurses, attorneys, superintendents, principals, teachers, bus drivers, janitors, and other necessary employees of the district and pay their necessary itemized and documented travel expenses, and pay necessary itemized and documented travel expenses of members of the board of education[.]
70 O.S. 5-117(A)(14) (1995) (emphasis added).
¶ 4 The above statute gives express authority for the board of education of a school district to hire attorneys. Attorney General Opinion 72-231 provides insight as to the purposes for which an attorney's services might be engaged. The Opinion recognizes the broad authority given under Oklahoma law to school boards to determine expenditure of school funds. It states, "It seems clear that the board of education may lawfully employ an attorney to represent the board of education in all legal matters in which it may be officially interested." A.G. Opin. 72-231 at 226.
¶ 5 It is hard to imagine that a board of education would not or should not be officially interested in a grand jury investigation into the operation and administration of a school district. "A grand jury functions as an inquisitorial body. Once it is convoked by the court, its duty is to investigate law violations." Tweedy v. Oklahoma Bar Association, 624 P.2d 1049,1054 n. 12 (Okla. 1981) (citations omitted). Therefore, the board of education of a school district may hire legal counsel with public funds to advise and represent the school district with regard to grand jury proceedings involving the operation and administration of the school district.
 SCOPE OF REPRESENTATION PROVIDED BY ATTORNEY EMPLOYED BY THE SCHOOL BOARD TO REPRESENT THE SCHOOL DISTRICT IN GRAND JURY PROCEEDINGS
¶ 6 Once a school district has hired an attorney to assist in grand jury proceedings, a question arises as to what is encompassed within that assistance. You have specifically asked whether the attorney can assist individual board members and employees of the district.
¶ 7 Even though a school district may use public funds to hire an attorney, those funds must be devoted to governmental functions. The board members may not use such funds to indirectly create compensation for themselves, nor may the funds be used to assist individuals in their private activities. See Okla. Const. Article X, Section 11 (no officer of the State may receive directly or indirectly any interest or profit arising from the use of public funds in his hands); Okla. Const. Article X, Section 15(A), Article X, Section 19 (no credit of the State shall ever be given to any individual and taxes levied for one purpose must not be devoted to another purpose).
¶ 8 Public funds may be used to represent a public officer or the employee of a public officer or institution in a civil action or special proceeding for acts "done or omitted in good faith in the course of employment." 11 O.S. 23-101 (1995) (municipal employees); 19 O.S. 215.25 (county employees); 74 O.S. 20f
(1995) (state officers or employees). While there is no specific statute providing representation for school board members and employees, the principle is established by the above-cited statutes that it is not an improper use of public funds to provide legal representation under the circumstances described. That principle along with a school district's specific authority to hire an attorney necessarily implies that school districts are empowered along with cities, counties and state entities to provide legal representation to their officers and employees for actions or omissions done in good faith in the course of employment.
¶ 9 There is no provision for representation of an individual at public expense in a criminal proceeding, but a grand jury is not a criminal proceeding. As noted in Tweedy, cited above, a grand jury investigates law violations. When grand jury proceedings are initiated there are no defendants and until the investigation is complete it is impossible to know who, if anyone, may be charged with wrongdoing. A grand jury may result in nothing more than a formal report as to the condition and operation of the office or institution being investigated. 22O.S. 346 (1991).
¶ 10 There may well be board members and individual employees who will be asked to appear before the grand jury who have no criminal involvement whatsoever. If they are called in connection with their governmental functions, that is as board members or school district employees, and their involvement is due to the good faith performance of their duties, it is proper for them to receive advice and assistance from an attorney hired by the school board. The point at which assistance and advice to individuals may become improper is a question of fact which cannot be answered by an Attorney General Opinion. 74 O.S.18b(A)(5) (1995).
¶ 11 Even though a school board may employ an attorney to advise and assist during a grand jury investigation into the activities of the school district, the assistance of the attorney must be limited to a scope consistent with and a part of representing the interests of the school district. The school district through its board of education is the client. The principles regarding representation set forth in this Opinion apply equally whether the attorney is regularly employed by the school district or hired especially for the grand jury investigation.
¶ 12 Should a point arise at which any individual appears to be involved in such a way as to imply individual liability for actions outside the scope of his or her employment, the attorney employed by the board of education may not represent or advise that individual.[1] Whether any individual, either board member or employee, is entitled to advice and assistance is a question of fact. The evaluation and determination must be made based on the facts and circumstances involved.
¶ 13 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. A school district which is the subject of a grand jury investigation has the authority pursuant to 70 O.S. 5-117(A)(14) (1995) to hire legal counsel to represent and advise it with regard to the proceedings of the grand jury and the matters being investigated.
 2. A school district has the authority to have its legal counsel, as part of its representation and advice, assist individual members of its board of education and individual employees of the school district with regard to the proceedings of the grand jury and the matters being investigated to the extent those individuals are acting and have acted in good faith in the course of their employment. The point at which any individual board member or employee of the school district may not be entitled to legal advice or assistance at the school district's expense is a question of fact.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
GAY ABSTON TUDOR ASSISTANT ATTORNEY GENERAL
[1] In addition to the concerns about the proper spending of public funds, the attorney employed by the school board must be aware of ethical obligations under the Rules of Professional Conduct. A conflict of interest could arise between the interests of the school district and a particular individual board member or employee which could make it unethical for the attorney to advise both. The propriety of representation will depend on the facts and circumstances of the situation. 5 O.S. 1991,Chapter 1, Appendix 3-A, Rule 1.7.